

# NUMBER 13-11-00571-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARK VAN METER,**                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                           **Appellee.**

---

### On appeal from the 105th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Rose Vela**

Appellant, Mark Van Meter, was found guilty of aggravated robbery and was sentenced to sixty years of confinement in the Texas Department of Criminal Justice, Institutional Division. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). By two issues, appellant argues that: (1) the trial court erred in excluding witness testimony that had the effect of preventing him from presenting his defensive theory; and (2) the evidence was

insufficient to sustain the jury's verdict that appellant committed aggravated robbery. We affirm.

## I. BACKGROUND

Appellant was charged with the aggravated robbery of his father, Eldon Van Meter. At the time of the assault, both appellant and his twin brother, Mike, were living with Eldon. Barbara Van Meter, appellant's sister and Eldon's daughter, testified that she arrived at Eldon's home in response to a telephone call she received from Eldon. He looked very beat up, there were a number of wounds on his arms, one on his chest, and one or two on his head. According to Barbara, he looked pale and weak.

Scott Harrington, a crime scene investigator, testified that he went to Eldon's home and took photographs of the injuries Eldon incurred. He testified he was advised that Eldon's son had assaulted him. According to Harrington, Eldon was not confused with respect to what had happened to him.

Officer Emily Perez was called out to Eldon's home and testified that from her observation, Eldon's injuries looked severe. Eldon was able to tell her what happened.

Eldon testified that he was assaulted some time after Easter, but he did not know the exact date. He said that on the date of the assault, appellant had come back to the house two times for money. Eldon had given him twenty dollars each time. When appellant returned a third time, he had two people with him, who remained in the car. One of the individuals came in to use the restroom and left right away. Appellant again asked for money and seemed nervous. Eldon testified that appellant hit him with a hammer a number of times on the left side, the top of the head and the shoulders.

2

Appellant grabbed Eldon's wallet out of his pocket. It contained sixty or seventy dollars in cash. Appellant then left. Eldon had no doubt who had assaulted him because he and appellant were the only two in the home at the time of the assault. While he had trouble identifying appellant in the courtroom, he explained that his eyesight "had taken a dive in the last month," but he was able to identify appellant.

Mike Van Meter, appellant's brother, testified that appellant accompanied him to the hospital the morning of April 5, 2011. Mike testified that he was having surgery at Spohn-Memorial Hospital that day and appellant was with him before surgery and was there when he got out of surgery. Mike had no idea if appellant was at the hospital during his surgery. According to Mike, his father has trouble recognizing people and his eyesight is bad. Mike admitted that he had been convicted of several felonies.

Chris King, an MHMR caseworker, testified that he saw appellant the morning of April 5, 2010, from approximately 9:15 a.m. to 11:00 a.m.

## II. DISCUSSION

### A. Exclusion of Evidence

By appellant's first issue, he argues that the trial court committed reversible error in failing to allow him to provide a complete defense by excluding testimony from Detective John Lay.

#### 1. Standard of Review

We review a trial court's exclusion of evidence under an abuse-of-discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006).

3

### 2. Analysis

Appellant argues on appeal that his constitutional rights were violated by the trial court's refusal to allow the admission of the testimony of Detective John Lay to be admitted. Detective Lay testified, outside the presence of the jury, that an individual, using a claw hammer, had been arrested in July 2010 for burglaries in the same area where Eldon resided. After the trial court excluded the testimony because it determined it was not relevant, the appellant did not urge its admission on the ground that it affected his constitutional right to a complete defense. Thus, he has waived his complaint. *Leza v. State*, 351 S.W.3d 344, 360–61 (Tex. Crim. App. 2011); TEX. R. APP. P. 33.1.

Regardless, even if appellant had not waived his complaint, the trial court did not abuse its discretion. The only commonality existing between the crime Detective Lay testified about and this case is the use of a hammer to commit a crime in the same part of town. In order for a court to conclude there is a nexus between an alleged alternative perpetrator and the offense-at-issue, there must be something more than evidence that a person other than the criminal defendant was committing similar crimes around the time of the offense-at-issue. *Caldwell v. State*, 356 S.W.3d 42, 47 (Tex. App.—Texarkana 2011, no pet.); *see also Dickson v. State*, 246 S.W.3d 733, 741 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Here, the trial court did not abuse its discretion in determining that the nexus was lacking. We overrule issue one.

### B. Sufficiency of the Evidence

By issue two, appellant argues that the evidence is insufficient to sustain the jury's verdict that appellant committed the act of aggravated robbery.

4

### 1.  Standard of Review and Applicable Law

The court of criminal appeals determined that the *Jackson v. Virginia* legal sufficiency standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."  *Brooks v. State*, 323 S.W.3d 893, 902–03, 912 (Tex. Crim. App. 2010) (plurality op.) (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Accordingly, we review claims of evidentiary insufficiency under "a rigorous and proper application of the *Jackson* standard of review." *Id.* at 906–07, 912.  Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319; *see Brooks*, 323 S.W.3d at 898–99 (characterizing the *Jackson* standard as:  "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt").

Here, appellant was charged with aggravated robbery.  *See* TEX. PENAL CODE ANN. § 29.03.  The jury was charged that a person commits aggravated robbery if, in the course of committing theft, he intentionally, knowingly or recklessly causes bodily injury to another.  A person commits the offense of aggravated robbery if the person committing robbery causes bodily injury to another person if the person is sixty-five years of age or older.

## 2.  Analysis

Here, there was unrefuted testimony that Eldon was over sixty-five at the time of the assault.   Eldon testified that it was appellant who hit him with a hammer a number of times on the left side, the top of the head and the shoulders.   There was credible testimony offered that his injuries were serious.   Eldon also testified that it was appellant who took money from his wallet during the same encounter.   Eldon's testimony alone is sufficient to support appellant's conviction.   We overrule issue two.

## III.  CONCLUSION

The judgment of the trial court is affirmed.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2012.